```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-28-12
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA ex rel.
NPT ASSOCIATES,

       **Plaintiffs,**

   **- against -**

**LABORATORY CORPORATION OF AMERICA**
**HOLDINGS, et al.,**

       **Defendants.**

**MEMORANDUM**
**OPINION & ORDER**

**07 Civ. 5696 (ALC) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Before the Court is Defendants' request for special, or limited, discovery of Plaintiff-Relator NPT Associates ("NPT"), Troutman Sanders LLP ("Troutman"), and the Michael Law Group ("Michael") to determine whether NPT Associates should be disqualified from serving in *ex relator* status on behalf of the United States of America. Defendants base their arguments on the belief that NPT may have obtained confidential information of Laboratory Corporation of America Holdings ("LabCorp") via Troutman, that Plaintiffs may be disqualified based on binding precedent in a prior similar case, and that NPT's members may have improperly relied on materials obtained through legal advice provided by counsel to members of the California Clinical Laboratory Association ("CCLA")—including Quest Diagnostics Incorporated ("Quest") and LabCorp—in 1996. Defs.' Let. to the Court ("Defs.' Let."), May 1, 2012. For the reasons which follow, the request is **GRANTED**.

## II. BACKGROUND

NPT, a Delaware partnership, consists of independent clinical professionals in the clinical laboratory industry. Sec. Am. Compl. ("SAC") ¶ 7. It claims under the *qui tam*

provisions of the False Claims Act, 31 U.S.C. §§ 3729-33, that LabCorp has violated the Act by

falsely certifying its compliance with the Anti-Kickback Statute, 42 U.S.C. §§ 1320A-7b(b).

SAC ¶ 1.  NPT alleges that LabCorp falsely submitted claims to the United States totaling

millions of dollars via a "pull-through" scheme whereby LabCorp allegedly offered medical

testing services for Medicare and Medicaid to UnitedHealth Group Incorporated

("UnitedHealthcare") at unreasonably low prices "in order to induce UnitedHealthcare to arrange

for or recommend that their in-network physicians send their Medicare-reimbursable tests to"

LabCorp. *Id.* ¶¶ 2-3.  Defendants allegedly agreed to pay UnitedHealthcare up to $200 million

in order to cover any expenses associated with the arrangement. *Id.* ¶ 3.

      After being served with the Second Amended Complaint, LabCorp informed NPT's

former counsel, Troutman and Michael, of a potential conflict of interest since Troutman

(through a separate office) had served as counsel to LabCorp for seven years and Michael had

been employed by Troutman as an attorney when this suit was filed.  Defs.' Let. 2.  It was

determined through limited discovery that one office of Troutman was representing LabCorp

while counsel in another Troutman office represented NPT when this suit was filed.  LabCorp

filed a motion to disqualify Troutman and Michael based on an actual or perceived conflict of

interest.  Troutman and Michael subsequently withdrew as counsel to NPT in this proceeding,

and NPT retained Quinn Emanuel Urquhart & Sullivan, LLP.   Order of Substitution of Counsel

(May 15, 2012), ECF No. 61.

      LabCorp asserts that it discovered the identities of NPT's current and former members

during discovery, and that four of NPT's original members were also members of Fair

Laboratory Practices Associates ("FLPA").  FLPA, which was represented by Troutman and

Michael at the time, brought a suit similar to this one against Quest in this Court. *United States*

*ex rel. Fair Lab. Practices Assoc. v. Quest Diagnostics, Inc.*, ("*FLPA v. Quest*"), No. 05 Civ. 05393 (RPP), 2011 WL 1330542 (S.D.N.Y. Apr. 5, 2011). In *FLPA v. Quest*, the court disqualified FLPA and its general counsel, Mark Bibi, who had served as previous general counsel to Unilab, a clinical laboratory acquired by Quest before suit had been brought and a defendant in the action. The court noted that since Bibi was precluded from suing his former employer indirectly as counsel, Bibi was also barred from doing so as a party. *Id.* at *8-9. The court found that Bibi had disclosed confidential information to his business partners, who joined him as plaintiffs in that suit. *Id.* at *12. Judge Patterson dismissed the suit for Bibi's ethical violation and made it applicable to "any subsequent action arising out of the same facts." *Id.* at *11. Defendants maintain that NPT's original members were also members of FLPA and that Quest now has the same ownership as LabCorp, and therefore, the *FLPA* disqualification order should apply to NPT.

LabCorp now states that after seeking disqualification of Troutman and Michael as counsel for NPT, they reserved the right to pursue limited discovery on any remaining ethical issues concerning a possible taint of NPT because of the sharing of any confidential information by their former counsel. Defs.' Let. 3. Prior to Troutman and Michael withdrawing as counsel, LabCorp submitted follow-up requests to their supplemental disclosures to determine the extent of the firm's potential conflict of interest. LabCorp now seeks to continue the assessment that was left incomplete when NPT voluntarily withdrew as counsel.

LabCorp claims that NPT may be disqualified based on its potential inadvertent, yet improper, exposure to confidential documents because of lack of ethical screens in place by Troutman, as well as exposure to potentially privileged communications by the CCLA. LabCorp argues that Judge Patterson's decision to disqualify FLPA was based in part on FLPA's

3

awareness of the CCLA opinion letter which interpreted the Anti-Kickback Statute and appears to have cautioned against the potential illegality of "pull-through" schemes. *FLPA v. Quest*, 2011 WL 1330542, at *2. LabCorp also suggests that NPT may not be allowed to bring this action if any of FLPA's general partners are a party here, or if the allegations in the current action stem from the facts of *FLPA v. Quest*.

### III. DISCUSSION

LabCorp asserts that this case is analogous to *FLPA v. Quest* because the former general counsel of one of the defendants was serving as one of the relators in *FLPA*. While this case is based on the same theory of liability as *FLPA* and brought, at least in part, by some of the same relators as in *FLPA*, the decision in *FLPA* was premised on the conclusion that counsel for FLPA had access to privileged information when serving as counsel to Unilab.

While the Court finds sufficient basis to grant LabCorp discovery on the limited issue of whether NPT can proceed as a relator in this case on behalf of the United States, LabCorp may not simply impute the acts of NPT's prior counsel to the relators. Because Troutman Sanders and the Michael Law Group were counsel in *FLPA*, Defendants argue that they should be allowed discovery on the issue of whether Troutman or Michael shared privileged or confidential information with NPT. Although prior counsel have withdrawn, Defendants maintain that they may have conveyed privileged information to NPT before the withdrawal. Prior counsel have provided sworn affidavits which state that no confidential information acquired from LabCorp was shared with any other counsel working on matters involving LabCorp, nor with NPT. Plaintiff's Letter to the Court ("Pl.'s Let.") at 2, May 8, 2012. Moreover, prior counsel asserts that "none of the lawyers who previously represented NPT ever accessed any LabCorp information or even spoke with any of the lawyers who had previously represented LabCorp."

4

*Id.* at 3. Defendants argue that attorney affidavits alone are insufficient to rebut the presumption of confidence sharing within a firm where a motion to disqualify is at issue, *see Hempstead Video, Inc. v. Inc. Village of Valley Stream*, 409 F.3d 127 (2d Cir. 2005), but that presumption arises when there is a perceived conflict between counsel, not between counsel and a party.

## IV. CONCLUSION

Defendants' motion seeking discovery on the limited issue of whether NPT may be disqualified as relators because of knowledge potentially obtained via former counsel, Troutman and Michael, is **GRANTED**. The Parties are **HEREBY ORDERED** to submit a joint proposed discovery schedule, which includes this issue and the matters already submitted by the Parties.

**SO ORDERED this 28th day of November 2012**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

5